JUDGE BRICCETTI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV 3131

------------------------------------x
JAMAINNE C. HALL

           Plaintiffs,

                          **COMPLAINT**

    -against-

VILLAGE OF PELHAM MANOR, POLICE
OFFICER MARC LENCI, POLICE
OFFICER PACI, TOWN OF PELHAM, COUNTY
OF WESTCHESTER

           Defendants.
------------------------------------x



RECEIVED MAY -2 2014 U.S.D.C. S.D.N.Y. CASHIERS

    PLAINTIFF, by KASE & DRUKER, ESQS., his undersigned counsel, complaining of the defendants, does hereby allege as follows:

    1.    Plaintiff is an individual residing in Nassau County, New York.

    2.    Upon information and belief, defendant Village of Pelham Manor is a governmental entity duly organized and existing under the laws of the State of New York.

    3.    Upon information and belief, defendant Police Officer Marc Lenci was, at all times relevant hereto, an individual employed by the Police Department of the Village of Pelham Manor as a Police Officer.

    4.    Upon information and belief, defendant Police Officer Paci was, at all times relevant hereto, an individual employed

by the Police Department of the Village of Pelham Manor as a Police Officer.

5. Upon information and belief, defendant Town of Pelham is a governmental entity duly organized and existing under the laws of the State of New York.

6. Upon information and belief, defendant County of Westchester is a governmental entity duly organized and existing under the laws of the State of New York.

7. This Court has jurisdiction of this action under 28 U.S.C. §1331, over claims arising under 42 U.S.C. §1983.

8. This Court has supplemental jurisdiction over the State law claims pursuant to 28 U.S.C. §1367(e).

9. Venue is properly laid in the Southern District of New York under 28 U.S.C. §1391(b), because that is the jurisdiction in which the claims arose.

10. Plaintiffs demand a jury trial of all of the causes of action in the complaint.

### FACTS

11. On February 3, 2013, at approximately 4:40 p.m., plaintiff was lawfully in the Village of Pelham Manor.

12. On that day, plaintiff was escorting a group of young people who were members of the New York Youth Club ("NYYC").

13. NYYC is an organization that has been established as a New York Not for Profit Corporation.

14. The purpose of NYYC is to provide educational and social opportunities for at-risk youth in socially and economically disadvantaged areas.

15. Through the auspices of NYYC, teenagers who live in areas with gang and drug activity are offered an opportunity to engage in constructive activities and learn how to function in the world of business.

16. NYYC has a unique method of providing these opportunities to the at-risk youth.

17. Members of the NYYC go door-to-door explaining their mission and selling candy and small items to raise money for the activities of NYYC.

18. The members, who are typically individuals of color, perform their fundraising in more affluent areas.

19. Upon information and belief, the activities of the NYYC members have caused distress in some of the areas in which they fundraise, including Pelham Manor.

20. Upon information and belief, it was the policy of the Village of Pelham Manor to harass the members of the NYYC and make it difficult for them to fundraise in the Village of Pelham Manor.

21. Upon information and belief, the leadership of the Village of Pelham Manor, including the leadership of the Police Department, were knowingly and intentionally engaged in a course

of conduct designed to exclude members of the NYYC from fundraising in the Village of Pelham Manor.

22. Upon information and belief, the determination to prevent the members of the NYYC from fundraising in the Village of Pelham Manor is based upon both the race and the socioeconomic standing of the members of the NYYC.

23. Upon information and belief, the leadership of the Town of Pelham and the County of Westchester participated in and encouraged the actions of the leadership of the Village of Pelham Manor, and it was their official policy to do so.

24. Plaintiff is employed by the NYYC as a fundraiser, and escorts teams of NYYC members into areas which include the Village of Pelham Manor, for the purpose of fundraising.

25. Plaintiff is an African-American.

26. On February 3, 2013, at approximately 4:40 p.m., Police Officers Lenci and Paci stopped and harassed members of the NYYC who were lawfully present in the Village of Pelham Manor for fundraising purposes.

27. Several youthful members telephoned plaintiff, who was the leader of the team on that day, in order for him to interact with the local police, who were refusing to allow them to fundraise.

28. Plaintiff drove to the scene of the confrontation, in the area in front of 1070 Washington Avenue, Pelham Manor, in a lawful manor.

29. As soon as plaintiff arrived at the scene, the Police Officers began to harass him, in an effort to discourage him and the NYYC from further fundraising in Pelham Manor.

30. Police Officers Paci and Lenci arrested and handcuffed him without cause, and falsely charged him with assault of a police officer as a felony, as well as resisting arrest, obstruction of governmental administration and disorderly conduct.

31. Upon information and belief, the reason for the arrest was that the Plaintiff, and all of the NYYC members with him, are persons of color.

32. Upon information and belief, an additional reason for the arrest of the Plaintiff was that the NYYC members are from a different socioeconomic status than the residents of the Village of Pelham Manor

33. Plaintiff was taken into custody and taken to the Police Station in the Village of Pelham Manor.

34. The Police Officers also impounded the van in which the Plaintiff was transporting the members of the NYYC.

35. The arrest of the Plaintiff left the members of the NYYC without transportation. They had to make their way alone, in the dark, back to their homes in the Bronx.

36. While Plaintiff was in the Police Station, the Police Officers also issued summonses for traffic violations.

37. Upon information and belief, it is the policy of the Village of Pelham Manor, and its Police Department, not to arrest individuals for traffic violations.

38. Upon information and belief, had the Police only charged Plaintiff with traffic violations, he would not have been arrested.

39. After the arrest, the contrived charges of felony assault of a Police Officer were dismissed by the defendants.

40. On December 11, 2013, Plaintiff pled guilty to traffic violations, and the People dismissed the charges of disorderly conduct, resisting arrest and obstruction of governmental administration.

41. Upon information and belief, the People offered this resolution, and dismissed the misdemeanor and violation, on the recognition that Plaintiff was not guilty of those charges.

**AS AND FOR A FIRST CAUSE OF ACTION**

42. Plaintiff repeats and realleges the allegations in paragraphs 1 through 41 hereof with the same force and effect as if more fully set forth herein.

43. Upon information and belief, the decision to harass the members of the NYYC and prevent its members from fundraising constituted the official policy of the Village of Pelham Manor.

44. Upon information and belief, the reason for the arrest and prosecution of Plaintiff as to further the policy of making it difficult for the members of the NYYC to fundraise in the Village of Pelham Manor.

45. Upon information and belief, a large part of the reason for this policy is that the race and socioeconomic status of the NYYC members differ from that of the residents of Pelham Manor.

46. The defendants, and each of them, knew or should have known that the members of the NYYC had a constitutional right to fundraise in the Village of Pelham, and that Plaintiff had a constitutional right to assist them in fundraising.

47. The defendants, and each of them, knew or should have known, or recklessly failed to know that the arrest and charges against the plaintiff were procured in violation of his right to due process, and to equal protection of the laws, and in violation of his rights under the First Amendment to the United States Counstitution.

48. All of the actions taken by the defendants, and each of them, were under color of State Law.

49. The arrest of plaintiff, and the charges against him caused the Plaintiff to incur attorneys' fees.

50. The arrest of Plaintiff, and the charges against him, caused him mental anguish and physical pain.

51. As a direct and proximate result of the misconduct of the Defendants, and each of them, in arresting and prosecuting the Plaintiff, the Plaintiff sustained damages in an amount to be determined at trial.

**AS AND FOR A SECOND CAUSE OF ACTION**

52. Plaintiff repeats and realleges the allegations in paragraphs 1 thorough 51 hereof with the same force and effect as if more fully set forth herein.

53. Upon information and belief, defendants Village of Pelham Manor, Town of Pelham and County of Westchester had a duty to train and supervise the law enforcement employees of the said governmental entities, including defendants Paci and Lenci, to assure that they did not violate the civil rights of individuals.

54. Upon information and belief, defendants Village of Pelham Manor, Town of Pelham and County of Westchester had a duty to train and supervise the law enforcement employees of said governmental entities to assure that they enforced the law in an evenhanded manner, and did not discriminate against

individuals on the basis, inter alia, of race and socioeconomic status.

55. Upon information and belief, defendants Village of Pelham Manor, Town of Pelham and County of Westchester had a duty to train and supervise the law enforcement employees of said governmental entities to assure that they did not use their position as police officers to arrest individuals without probable cause.

56. Upon information and belief, defendants Village of Pelham Manor, Town of Pelham and County of Westchester failed in their duty to train and supervise the law enforcement employees, including defendants Paci and Lenci.

57. Upon information and belief, as a result of the failure to train and supervise, defendants Paci and Lenci violated the civil rights of the plaintiff by, inter alia, arresting him without probable cause.

58. Upon information and belief, as a result of the failure to train and supervise, defendants Paci and Lenci violated the civil rights of the plaintiff by arresting him on the ground of race and socioeconomic status, and not on the ground of his commission of an offense for which individuals are usually arrested in the Village of Pelham Manor.

59. The defendants, and each of them, knew or should have known that the members of the NYYC had a constitutional right to

fundraise in the Village of Pelham, and that Plaintiff had a constitutional right to assist them in fundraising.

60. The defendants, and each of them, knew or should have known, or recklessly failed to know that the arrest and charges against the plaintiff were procured in violation of his right to due process, and to equal protection of the laws, and in violation of his rights under the First Amendment to the United States Counstitution.

61. All of the actions taken by the defendants, and each of them, were under color of State Law.

62. The arrest of plaintiff, and the charges against him caused the Plaintiff to incur attorneys' fees.

63. The arrest of Plaintiff, and the charges against him, caused him mental anguish and physical pain.

64. As a direct and proximate result of the misconduct of the Defendants, and each of them, in arresting and prosecuting the Plaintiff, the Plaintiff sustained damages in an amount to be determined at trial.

**AS AND FOR A THIRD CAUSE OF ACTION**

65. Plaintiff repeats and realleges the allegations in paragraphs 1 through 64 hereof with the same force and effect as if more fully set forth herein.

66. Each of the defendants, lacking probable cause, nonetheless intentionally and recklessly, and with malice,

caused the Plaintiff to be arrested and prosecuted for assault of a police officer, resisting arrest, obstruction of governmental administration and disorderly conduct.

67. Police Officers Paci and Lenci were the complainants in the charges against the Plaintiff.

68. The charges violated the Plaintiffs' constitutional rights under the Fifth and Fourteenth Amendment to the Constitution, as set forth above.

69. The Plaintiff was innocent of the charges against him.

70. The prosecution terminated in the Plaintiff's favor.

71. As a direct and proximate result of the acts of the defendants, and each of them, the Plaintiff was prosecuted and suffered the damages set forth above, in an amount to be determined at trial.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**

72. Plaintiffs repeat and reallege the allegations in paragraphs 1 - 57 hereof with the same force and effect as if more fully set forth herein.

73. As a result of the charges, the Plaintiff was arrested and held in custody.

74. The Plaintiff was conscious of the confinement, and did not consent to it.

75. The Plaintiff suffered damages, including personal humiliation, from the false arrest and detention, in an amount to be determined at trial.

WHEREFORE, plaintiff demands judgment:

A. Under the First Cause of Action, awarding compensatory damages to him, in an amount to be determined at trial;

B. Under the Second Cause of action, awarding compensatory damages to him, in an amount to be determined at trial;

C. Under the Third Cause of Action awarding compensatory damages to him, in an amount to be determined at trial;

D. Under the Fourth Cause of Action, awarding compensatory damages to him, in an amount to be determined at trial;

E. That the Court award Punitive Damages to him, against all individual defendants, in an amount to be determined at trial;

F. For a trial by jury;

G. Under the First and Second Causes of action, for Attorney's fees, pursuant to 42 U.S.C. §1988;

H. For pre-judgment and post-judgment interest, and recovery of the costs of this action;

I. For such other and further relief as the Court may deem just and proper.

Dated: Garden City, New York
April 28, 2014

       Yours, etc.

       _____
       JAMES O. DRUKER, ESQ.
       KASE & DRUKER, ESQS.
       Attorneys for Plaintiff
       1325 Franklin Avenue
       Garden City, New York 11530
       (516) 746-4300